**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| FLAME S.A., | § | |
| Plaintiff, | § | |
| | § | C.A. NO. 4:10-cv-1870 |
| vs. | § | Admiralty Rule C |
| | § | |
| M.V. COMMENCEMENT, her engines, | § | |
| Freights, apparel, appurtenances, tackle, | § | |
| etc., *in rem*, | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

Plaintiff, FLAME S.A., by its attorneys, Fowler Rodriguez Valdes-Fauli, complaining of

the defendant, *M.V. Commencement*, her engines, freights, apparel, appurtenances, tackle, etc., in

rem, herein, alleges upon information and belief as follows:

### JURISDICTION AND VENUE

1.     This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully

appears, and is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal

Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333.

2.     Venue is proper because the *M.V. Commencement* is currently in this District.

### THE PARTIES

3.     At all times hereinafter mentioned, Plaintiff, FLAME S.A., (hereinafter referred

to as "FLAME"), was, and now is, a corporation or other business entity duly organized and

existing under and by virtue of the laws of Switzerland, with an office and principal place of

business in Switzerland.

4.      At all times hereinafter mentioned, defendant *M.V. Commencement*, was, and now is, a vessel being operated, managed or controlled by PRIMERA MARITIME (HELLAS), LTD., (hereinafter referred to as "PRIMERA") or one of its alter ego subsidiaries, (including, but not limited to, Chemnav Shipmanagement, Ltd. or Annamar Navigation, Inc.) a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business at 6, Roupel Street, Athens-Lamia Road, Km 17, Kifisia, 145 64 Athens, Greece.

## THE CLAIM THAT FORMS THE BASIS FOR THE ARREST

5.      On or before September 11, 2008, FLAME and PRIMERA entered into a maritime contract called a Forward Freight Swap Agreement (hereinafter referred to as "FFSA").

6.      Pursuant to the FFSA, the shipping freight rate for the vessel and route in question resulted in PRIMERA owing FLAME a total of $5,554,271.36.

7.      FLAME issued several invoices to PRIMERA, however, PRIMERA failed to pay the balance due.

8.      Flame commenced proceedings in the High Court of Justice, Queen's Bench Division Commercial Court Register in London on March 31, 2009, and obtained Judgment against PRIMERA on June 18, 2009, in the sum of US$5,554,271.36, plus interest.

9.      On June 18, 2009, the High Court of Justice, Queen's Bench Division, Commercial Court Registry entered a Judgment for Flame as against Primera and ordered that Primera pay Flame a total of USD $5,554,271.36.

10.     Primera applied to set aside that judgment. By Order dated August 12, 2009, the application to set aside the Judgment was dismissed. Pursuant to paragraph 2 of that order,

Primera was given an opportunity to pay part of the Judgment and to provide security for the remainder. It failed to do so. The Judgment was enforceable as of September 4, 2009.

11.    Primera sought permission to appeal. Permission to appeal was refused by the Court of Appeal on October 21, 2009.

12.    On September 23, 2009, FLAME commenced a proceeding in the Southern District of New York seeking to have the foreign judgment recognized and enforced.

13.    On March 29, 2010, United States District Court Judge Thomas Duffy of the Southern District of New York issued an Order confirming and recognizing the foreign Judgment issued by the High Court of Justice in London, England in favor of FLAME and against PRIMERA. (*Copy of the March 29, 2010, Order is attached hereto as Exhibit A.*)

14.    On March 31, 2010, the Clerk of the Court entered Judgment confirming and recognizing the Judgment issued by the High Court of Justice in London, England, in the amount of $5,554,271.36, together with interest from June 18, 2009, at a rate of eight (8) percent. (*A copy of the March 31, 2010, Judgment is attached hereto as Exhibit B.*)

15.    As of the filing of the Verified Complaint, PRIMERA owes FLAME in excess of $5,900,000.00.

### PRIMERA's OWNERSHIP INTEREST IN THE *M.V. COMMENCEMENT*

16.    PRIMERA was and or is controlled by the Coronis family, Paul and Nikolaos.

17.    CHEMNAV SHIPMANAGEMENT was and or is controlled by the Coronis family, Paul and Nikolaos.

18.    ANNAMAR NAVIGATION INC., the registered owner of the *M.V. Commencement* was and or is controlled by the Coronis family, Paul and Nikolaos.

19.   PRIMERA,   CHEMNAV   SHIPMANAGEMENT   and   ANNAMAR NAVIGATION INC. all share the same address 6 Roupel Str. 145 64 Kifissia, Greece.

20.   CHEMNAV SHIPMANAGEMENT is listed as the ship manager for the *M.V. Commencement* on the Equasis international vessel database. (*A copy of the Equasis database profile is attached hereto as Exhibit C.*)

21.   PRIMERA was listed as the "Group Name" on the Sea-Web Lloyd's Register of Ships database for the management of a fleet of ships the *M.V. Commencement* is part of on May 11, 2010. Since the arrest of the *M.V. Lynx* in the Eastern District of Texas, the "Group Name" is now listed as "unknown." (*A copy of the Sea-Web database profile is attached hereto as Exhibit D.*)

22.   According to the Sea-Web Lloyd's Register of Ships database CHEMNAV SHIPMANAGEMENT, controlled by the Coronis family, is the manager and operator of the *M.V. Commencement.*

23.   Upon information and belief, PRIMERA is the parent of Annamar Navigation, Inc.

24.   Upon information and belief, PRIMERA dominated and controlled Annamar Navigation, Inc. for its own use.

25.   Annamar Navigation, Inc. is listed on the Equasis international vessel data base as the registered owner of the *M.V. Commencement. (See Exhibit C.)*

26.   The Marshall Islands Registry maintains copies of the mortgage for the *M.V. Commencement*, which further establishes that the Coronis Family and/or the Primera is the beneficial owner of the *M.V. Commencement.* (*A copy of the Mortgage for the M.V. Commencement is attached hereto as Exhibit E.*)

27.    There is also a Loan Facility agreement that establishes that Primera, through the Coronis family, is the beneficial owner of the *M.V. Commencement*. (*A copy of the Loan Facility Agreement is attached hereto as Exhibit F.*)

28.    The Loan Facility from HSH Nordbank for US$67.5million refers to 4 vessels including the registered owner of the m *M.V. Commencement*, Annamar Navigation, Inc.

29.    The Corporate guarantor is Chemnav Shipmanagement, an alter ego of the Coronis family.

30.    The Address for Service of Notices on the Borrowers is Chemnav c/o Primera Maritime Ltd. Attn: Paul Coronis.

31.    The Schedule to the Loan Facility lists Primera as the Notify Party and Paul Coronis as the contact person.

32.    Nikolaos Coronis is named as one of the Chief Credit Providers in the Loan Facility Agreement.

33.    The Mortgage directs that all Notices are to be sent to Annamar (i.e. the owning company) Chemnav, care of Primera with Paul Coronis being the named person.

34.    Upon information and belief, and the documents attached hereto, the Coronis Family and/or PRIMERA are the beneficial owners of the *M.V. Commencement*.

**WHEREFORE,** Plaintiff prays:

1.    That process in due form of law according to the practice of this Court, including the issuance of an arrest warrant, may issue against defendant *M.V. Commencement*, in rem, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and that all persons having an interest therein be cited to appear and answer under oath all and singular the matters aforesaid;

2.      That a warrant of arrest and attachment in due form of law in accordance with the rules and practices of this Honorable Court, in causes of admiralty and maritime jurisdiction, be issued against the *M.V. Commencement*;

3.      That the Court recognize the Judgment granted by United States District Court Judge Thomas Duffy of the Southern District of New York in the amount of $5,554,271.36, together with interest from June 18, 2009, at a rate of eight (8) percent.

4.      That the United States Marshal be directed to seize the *M.V. Commencement*;

5.      That the Court condemn and sell the *M.V. Commencement* so that the Judgment can be satisfied.

6.      That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary.

7.      For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: Houston, Texas
       May 25, 2010

Respectfully submitted,

FOWLER RODRIGUEZ VALDES-FAULI

*/s/ Todd G. Crawford*

_____

Todd G. Crawford
Texas Bar No. 05041050
Justin W.R. Renshaw
Texas Bar No. 24013392
S.D. Tex. Adm. ID No. 25865
Fowler Rodriguez Valdes-Fauli
4 Houston Center
1331 Lamar, Suite 1560
Houston, Texas  77010
Tel:    713-654-1560
Fax:    713-654-7930
***Attorneys for Plaintiff, Flame S.A.***

OF COUNSEL:
FOWLER RODRIGUEZ VALDES-FAULI
CALVERT EAVES CLARKE & STELLY, L.L.P.
BENNETT, GIULIANO, MCDONNELL & PERRONE, LLP

## ATTORNEY VERIFICATION

Deborah Lawson, being duly sworn, deposes and says as follows:

1.      I am an attorney with the law firm of Fowler Rodriguez Valdes-Fauli, 1331 Lamar Street, Suite 1560, Houston, Texas 77010, attorneys for Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications, information, and documentation provided by our client and/or by solicitors representing our client.

3.      The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial district

Deborah Lawson

SIGNED AND SWORN TO BEFORE ME the undersigned authority this 25th day of May, 2010, in Houston, Texas.

Notary Public
in and for the State of Texas

My Commission Expires: 5-11-2011

K. Murphy
My Commission Expires
05/11/2011

8

## NOTICE OF ARREST OF VESSEL

Notice is hereby given that on May 25, 2010, the *M.V. Commencement* was arrested by the United States Marshal pursuant to an Order of the U.S. District Court of the Southern District of Texas (C.A. NO. 4:10-cv-_____) and a warrant of arrest issued by the Clerk of the Court upon the filing of a Verified Complaint in the above action.  Any person having or claiming an interest in or to said property must file a claim within ten (10) days after publication of this notice, and must file her answer to the complaint herein within twenty (20) days thereafter.

Claims must be filed with the United States District Court of the Southern District of Texas located at 515 Rusk Avenue, Houston, Texas 77002, with copies of the claim being sent to:

Todd G. Crawford
Fowler Rodriguez Valdes-Fauli
PO Box 4080
2505 14th Street, 5th Floor
Gulfport, MS 39502

and

Bennett, Giuliano, McDonnell & Perrone, LLP
494 Eighth Avenue, 7th Floor
New York, New York 10001
Attention: William R. Bennett, III